NITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AIMEE O'NEIL,

    Plaintiff,

    v.

STATE OF NEW YORK, et al.,

    Defendants.

Case No. 2:21-cv-00037-RFB-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

**Re:  ECF Nos. 1 and 1-1**

Presently before the Court is Plaintiff Aimee O'Neil's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on January 7, 2021.  Also before the Court is Plaintiff's Civil Rights Complaint.  ECF No. 1-1.

## I.    *IN FORMA PAUPERIS* APPLICATION

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  ECF No. 1.  Therefore, Plaintiff's *in forma pauperis* application is granted.

## II.    SCREENING THE COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether

or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014), *citing Ashcroft*, 556 U.S. at 678. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.    DISCUSSION

Plaintiff's Section 1983 Complaint identifies Cheryl Masuicca ("Masuicca"), Tim Lewis ("Lewis"), and the State of New York as Defendants. ECF No. 1-1 at 1. Specifically, Plaintiff alleges Masuicca, a "former New York State employee at The State University of New York at Oswego," Lewis, and the State of New York conspired with one another to send customers to sexually harass Plaintiff at her workplaces in Nevada and Colorado. *Id*. at 2. Plaintiff believes these Defendants are harassing her with the help of unidentified law enforcement officers. *Id*. at 4. Plaintiff also claims certain actors are disguising themselves on the highway and interfering with her finances. *Id*. at 3-4.

Even when liberally construing Plaintiff's Complaint (*Nordstrom*, 762 F.3d at 908), the Court finds her factual allegations describe fantastic and delusional scenarios that fail to state a claim upon which relief can be granted. The Court notes that an Order to Show Cause was recently filed in a factually analogous case ordering Plaintiff to show cause in writing why that matter should not be dismissed as frivolous and delusional and, further, why Plaintiff should not be declared a vexatious litigant. ECF No. 3 in *O'Neil v. State of New York, et al.*, 2:21-cv-00036-KJD-NJK. The Order to Show Cause listed twenty actions Plaintiff has instituted between 2019 and the present-day, at least six of which were identified as frivolous or delusional. *Id*. at 2-3. As with the complaints filed in those cases, Plaintiff's instant Complaint, too, "bears the hallmarks of delusion." *Id*. at 3.

Because Plaintiff's Complaint is premised on a delusional factual scenario and amendment would be futile, it is recommended that this Complaint be dismissed with prejudice. *Neitzke*, 490 U.S. at 327-28; *Cato*, 70 F.3d at 1106.

**IV.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

**V.    REPORT AND RECOMMENDATION**

IT IS HEREBY RECOMMENDED that all of Plaintiff's claims be DISMISSED with prejudice, as amendment would be futile.

DATED THIS 14th day of January, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).